UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO.  3:23-CR-112-CRS

UNITED STATES OF AMERICA                                                                             PLAINTIFF

v.

JAIRO JAIME TINAJERO                                                                               DEFENDANT

## ORDER FOLLOWING ENTRY OF GUILTY PLEA
## AND ORDER SETTING SENTENCING HEARING

This matter came before the Court on February 11, 2025, for a change of plea hearing. There appeared Erwin Roberts, Assistant United States Attorney, and Defendant Jairo Jaime Tinajero, in custody with appointed counsel, Chastity R. Beyl, Federal Defender.  The Court's official reporter was April Dowell and the Court's official interpreter was Jason Knapp.

As to the matter of arraignment, the Defendant, by counsel, acknowledged his identity. He further acknowledged having been furnished a copy of the Superseding Information and advised of the nature of the charges contained therein.  The Defendant was advised of his rights to be charged by Indictment rather than by Information.  The Defendant, by counsel, acknowledged that he understood those rights, wished to waive his right to be charged by Indictment, and executed a Waiver of Indictment.

The Defendant, by counsel, advised the Court of his desire to enter a plea of guilty as to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Superseding Information.  The Court addressed the Defendant personally in open court and informed Defendant of and determined that the Defendant understood those matters set forth in Fed.R.Crim.P. 11(b)(1)(A) through (N).  The Court further determined, after addressing the Defendant personally in open

1

court, that the plea was voluntary and not the result of force or threats or promises not contained in the Plea Agreement. The Court further inquired as to whether the Defendant's willingness to plead guilty resulted from prior discussions between the attorney for the government and the Defendant and/or his counsel pursuant to Fed.R.Crim.P. 11(c)(1).

The Court was advised that there was a Plea Agreement in this case, and the Court thereupon requested disclosure of the Plea Agreement in open court pursuant to Fed.R.Crim.P. 11(C)(2). This Plea Agreement was entered into pursuant to Rule 11(c)(1)(C). The Court thereupon advised the Defendant as required by Fed.R.Crim.P. 11(c)(3)(A). The Court determined to defer its decision as to acceptance or rejection of the plea agreement until there has been an opportunity to consider the presentence report.

The Court further determined that there was a factual basis for the plea of Guilty as required under Rule 11(b)(3), and a **plea of Guilty was entered and accepted as to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Superseding Information**. All proceedings were conducted on the record as required by Rule 11(g). The **Plea Agreement SHALL** be **filed on the public record**. The **Plea Supplement SHALL** be **filed under seal**.

In order to proceed under the Sentencing Reform Act of 1984 (Pub. L. 98-473, Title II, c. 2, Sections 211-39), 18 U.S.C. Sections 3551-59,

**IT IS HEREBY ORDERED** as follows:

1. **Sentencing proceedings** are set in this case for **Tuesday**, **August 26, 2025, at the hour of 1:30 p.m.**, before the Honorable Charles R. Simpson, III, United States Senior District Judge, at the Gene Snyder U.S. Courthouse in **Louisville, Kentucky**.

2. That the Defendant and defense counsel shall meet with the probation officer for an interview promptly, **and in no event later than ten (10) days from the date of this Order**.

It shall be the responsibility of defense counsel to contact the probation officer to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

3. That **not less than thirty-five (35) days prior to the date of the sentencing hearing**, the probation officer shall provide a copy of the presentence investigation report (PSR) to counsel for the parties. **Within fourteen (14) days thereafter**, counsel shall submit, by letter, all objections to the PSR to the probation officer and opposing counsel. After receiving said objections, the probation officer shall investigate the matters of concern, may conduct a meeting with counsel, and, if warranted, revise the PSR accordingly.

4. That **not less than ten (10) days prior to the sentencing hearing**, the probation officer shall submit the PSR to the undersigned. The PSR shall be accompanied by an addendum setting forth all unresolved objections and the probation officer's comments in regard thereto. A copy of the revised PSR, together with the addendum, shall be mailed to counsel for the parties.

5. **That not less than ten (10) days prior to the sentencing hearing**, the parties shall file in the record a memorandum brief in support of their respective positions on any unresolved objections to the PSR.

6. With the exception of the matters set forth in the addendum, the revised PSR shall be accepted as accurate. The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing. In resolving the disputed issues of fact, all reliable information shall be considered.

7. The time set forth in this Order may be modified by the Court for good cause shown, except that the thirty-five (35) days period for disclosure of the PSR pursuant to Fed. R. Crim. P. 32(e)(2) may be diminished only with the Defendant's consent.

    8.    That nothing in this Order requires disclosure of any matter except therefrom by virtue of Fed. R. Crim. P. 32(d)(3).

    9.    That the PSR will be deemed disclosed:

    a.    When the report is physically delivered to counsel;

    b.    One day after the report's availability is orally communicated to counsel,

or

    c.    Three days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

    10.    That the probation officer not disclose the probation officer's recommendations, if any, on the sentence.

**IT IS FINALLY ORDERED** that the Defendant **SHALL** be **remanded to the custody** of the U.S. Marshal.

February 12, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:    Counsel of Record
       United States Probation

Court Reporter: April Dowell

Time: 00/23 (Arraignment)
       00/59 (Change of Plea)